# UNITED STATES DISTRICT COURT
## for the
## 5th Circuit of Southern Mississippi



## COMPLAINT

I. The Parties to This Complaint

3:19cv422 CWR-FKB

    A. The Plaintiff -

        Zorri N. Rush
        6912 Mount Vernon Rd
        Eupora / Webster
        MS  39744
        662 753 1249
        zorrirush@hotmail.com

    B. The Defendants -

        Budget Car and Truck Rental of Memphis
        2921 Airways Blvd
        Memphis, TN 38132
        rona@budgetmemphis.com

Plaintiff, Zorri Rush, is before the court petitioning for an order to compel arbitration in accordance with the United States Constitution that embodies the declaration of independence. This document encouraging that," when in the course of human events, it becomes necessary for one people to dissolve the political bands which have connected them with another, and to assume among the powers of the earth, the separate and equal station to which the Laws of Nature and of Nature's God entitle them, a decent respect to the opinions of mankind requires that they should declare the causes which impel them to the separation."

In the petition before this court, the plaintiff asserts a violation of the United States Constitution which reads in part "We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness. That to secure these rights, Governments are instituted among Men, deriving their just powers from the consent of the governed." The defendants in this case are residents of a different state and in accordance with federal regulations such cases can be filed in the U.S District courts in order to resolve such disputes.

    **28 USC JUDICIARY AND JUDICIAL PROCEDURE**
    **PART IV-JURISDICTION AND VENUE**
    **CHAPTER 85-DISTRICT COURTS; JURISDICTION**
    **§1332. Diversity of citizenship; amount in controversy; costs**

Therefore, the plaintiff's petition to the court observes the right of the district court to address matters concerning violations of the constitutions arising from congressional prescription for such grievances. The complaint outlined against the defense will prove the actions in violations of the laws written by Congress have stripped the plaintiff of his constitutional rights as listed below. These rights consist of a loss of property resulting from negligence and intentional discrimination while disregarding the laws protecting Americans. As Article 1 reads, no law prohibits the plaintiff from seeking redress in this matter. However, the subsequent laws require these issues be addressed to assure the rights of all citizens are preserved through an efficient government of laws.

**CONSTITUTION OF THE UNITED STATES OF AMERICA—1787 1**
    ARTICLE [IV.]
    ARTICLE [V.]
    ARTICLE [XIV.]
        SECTION 1.

Subsequent to these constitutional provisions, the Northern District of Mississippi is the most proper venue to proceed with a course of action to resolve such a dispute.

**28 USC JUDICIARY AND JUDICIAL PROCEDURE**
**PART IV-JURISDICTION AND VENUE**
**CHAPTER 87-DISTRICT COURTS; VENUE**
**§1390. Scope**

Portions of this case involve interstate commerce and federal rules also stipulate the proceedings for such matters be brought only in the court which referred the question or issue which places jurisdiction in the Northern District for venue purposes.

**28 USC JUDICIARY AND JUDICIAL PROCEDURE**
**PART IV-JURISDICTION AND VENUE**
**CHAPTER 87-DISTRICT COURTS; VENUE**
**§1398. Interstate Commerce Commission's orders**

However, the court may direct actions or proceedings be transferred if the current venue is experiencing administrative allocations of duties that may affect the outcome of a trial. It is common knowledge that the Northern District is tasked with relocating and restructuring several divisions within the Northern District which would qualify this case for transfer if filed in the Northern District.

**28 USC JUDICIARY AND JUDICIAL PROCEDURE**
**PART IV-JURISDICTION AND VENUE**
**CHAPTER 87-DISTRICT COURTS; VENUE**
**§1405. Creation or alteration of district or division**

In addition to the construction and case allocation in the Northern District, the plaintiff has also filed a judicial misconduct complaint of bias against the clerk and chief justice which employs the Southern District as the nearest division to accept the case once an issue of bias has been identified that may affect the outcome of the upcoming proceedings.

> **28 USC JUDICIARY AND JUDICIAL PROCEDURE**
> **PART I-ORGANIZATION OF COURTS**
> **CHAPTER 5-DISTRICT COURTS**
> **§144. Bias or prejudice of judge**

The Southern District is petitioned to receive this filing with these considerations as the plaintiff seeks redress in these courts as a last resort to resolve these issues that have deprived constitutional rights as outlined.

> **28 USC JUDICIARY AND JUDICIAL PROCEDURE**
> **PART IV-JURISDICTION AND VENUE**
> **CHAPTER 87-DISTRICT COURTS; VENUE**
> **§1406. Cure or waiver of defects**

## II. STATEMENT OF CLAIM

**The plaintiff is a long time consumer of the plaintiff's brand in the service industry discussed throughout this complaint. This case is especially important to the plaintiff because the defendant's are utilizing a business model the plaintiff markets, this being the franchise model. In this case, the defendant's are only using the brand name of Budget Car Rental when in reality it is locally owned and operated. The plaintiff learned the details of the franchised relationship when attempting to resolve a complaint involving the most recent purchase and the ensuing damages resulting from that complaint.**

> ### A. CLAIM REFERABLE TO ARBITRATION
> As a member of the major brand rewards program the plaintiff attempted to enroll online to reserve a vehicle and was provided a list of the closest rental lots which included the defendants. Due to availability the defendant's were chosen despite learning the franchise would not accept the plaintiff rewards enrollment discounts. Ultimately, the plaintiff discovered the entire service agreement with the franchise was different. However the stipulations in the reservation did not suggest how broad.
>
> > **15 USC COMMERCE AND TRADE**
> > **CHAPTER 1-MONOPOLIES AND COMBINATIONS IN RESTRAINT OF TRADE**
> > **§13. Discrimination in price, services, or facilities**
> > **(a) Price; selection of customers**
> > **(b) Burden of rebutting prima-facie case of discrimination**

For example, the rewards program allows the consumer to bypass the check in with a process they call fast break. It is for repeat consumers like the plaintiff, who used the defendant's to travel to medical appointments and on business. When arriving to pick up the car, the attendant spent several minutes confirming insurance and attempting to upsell more insurance. After a hard no, the attendant reluctantly allowed the vehicle to leave under the plaintiff's insurance and when the plaintiff was late returning the vehicle charged more than $200 per day to the plaintiff's checking account.

> 15 USC COMMERCE AND TRADE
> Ch. 110: ONLINE SHOPPER PROTECTION
> §8403. Negative option marketing on the Internet

**B. CLAIM REFERABLE TO ARBITRATION**
Although, there is no way the plaintiff can prove the brand name is aware this can happen, they are now aware this did happen. The plaintiff requires online communication for health reasons and filed his complaint online as did he the reservation. It wasn't until the plaintiff contacted the brand that the complaint regarding the charges were escalated. Prior to contacting the brand, the franchise insisted the plaintiff signed an agreement to the charges and not to expect a review or refund. However, once learning the relationship the plaintiff maintained with the brand, the franchise began attempting to negotiate a refund in the terms that were understood by the plaintiff.

> 15 USC COMMERCE AND TRADE
> Ch. 110: ONLINE SHOPPER PROTECTION
> §8402. Prohibitions against certain unfair and deceptive Internet sales practices

The old brand bait and switch is nothing new. Every franchise looks for ways to capitalize off the brand and make the brand a personal goal at the franchise location. However, a person shopping for fish would not expect ham in the bag when they got home and a good faith sale would not provide one. Further details in this claim reveals how deceptive and unfair these particular actions are and why US Congress saw fit to prohibit them.

> 15 USC COMMERCE AND TRADE
> Ch. 110: ONLINE SHOPPER PROTECTION
> §8401. Findings; declaration of policy

**C. CLAIM REFERABLE TO ARBITRATION**
The goal of some franchise is to offer a product brand in a market that lends a local hand to the community. There is a reasonable expectations that all franchisee would intently offer the product or service for which the brand has become known. No one who shops at a fish market expects to get a ham. Nonetheless, the long time experience with the

defense brand was used in making the good faith determination that once verification of an extension was made on the rental the matter regarding fees would be settled. However, because the defendant's are a franchise, they chose to make repeated phone calls threatening to charge the plaintiff additional fees once he fell ill during the trip and rested at a hotel. After answering one of the calls it was confirmed an online extension was performed and no additional charges would be added. However, the plaintiff received a call from the bank regarding the repeated charges from the defense and the plaintiff returned the car immediately to the nearest brand location for transport back to the defendant's and returned to the hotel to rest again.

### 15 USC COMMERCE AND TRADE
### Ch. 87: TELEMARKETING AND CONSUMER FRAUD AND ABUSE PREVENTION
### §6102. Telemarketing rules

This particular tactic is familiar to the plaintiff because he was simultaneously receiving calls from his bank about each and every transaction while attempting to recover during the trip in the hotel. The plaintiff made reservations for additional transportation and extended his stay after the stress of attempting to manage the phone calls exacerbated his medical conditions. The plaintiff informed all parties (the bank and the defendant's) all marketing calls would be removed and any further communication must be done online at a time most convenient to the plaintiff due to troubling health. At the time the plaintiff had no way of knowing that each time the defendant's made the marketing call included additional charges. Congress ensured commerce would be protected consumers from these type egregious acts in collections but this was an excuse to charge $200 per phone call..

### 15 USC COMMERCE AND TRADE
### Ch. 87: TELEMARKETING AND CONSUMER FRAUD AND ABUSE PREVENTION
### §6101. Findings

**D. CLAIM REFERABLE TO ARBITRATION**
The defendant's did not clearly state their services were not regulated by the brand until the plaintiff was on location ready to drive away in the vehicle reserved. The plaintiff's long time relationship with the brand permitted a reasonable expectation for the franchise to offer the same services. However, what ultimately happened was the plaintiff was baited into using the customary service that worked for years into using a water-downed substitute that makes profits by hiding the facts. The brand allows online extensions at no cost. The franchise forced phone calls with no recourse for the online extension made by the plaintiff. The brand charged one rate for late fees accompanied by a phone call if no extension was made within 24-48 hours. The franchise began charging late fees immediately at twice and sometimes double the rate of the brand.

**15 USC COMMERCE AND TRADE**
**Ch. 39: FAIR PACKAGING AND LABELING PROGRAM**
**§1452. Unfair and deceptive packaging and labeling; scope of prohibition**

The plaintiff had no reason to believe his long time relationship with the brand would be put at such great risk by a franchise. However, the franchise is a separate entity and in this case abused the prior relationship established with the American consumer for what is a clear attempt to profit from name rather than service. The American consumer does and should have a reasonable expectation that a franchise would consider that relationship in a good faith effort to maintain a customer base. Congress addressed this for simple reasons that multiply into big causes. If these defendant's are allowed to proceed with such actions unchecked there creates a potential for a new comfort zone of deception in commerce. If it does not exist already.

**15 COMMERCE AND TRADE**
**CHAPTER 39-FAIR PACKAGING AND LABELING PROGRAM**
**§1451. Congressional declaration of policy**

**E. CLAIM REFERABLE TO ARBITRATION**
Furthermore, the willful and knowledgeable official action of charging the plaintiff late fees after learning of an extension due to illness violates the Americans with Disabilities Act., The defendant's are not so small that the provision of an extension would not have been reasonable. As stated, the plaintiff spoke with the staff and confirmed the extension but also requested no additional calls. To continue charging the plaintiff after a good faith effort to comply with the defense regarding the extension is a disgusting act. The defendant's never claimed an extension at no cost would hurt it's company in any way. The extension was a reasonable accommodation denied.

**42 USC THE PUBLIC HEALTH AND WELFARE**
**CHAPTER 126—EQUAL OPPORTUNITY FOR INDIVIDUALS WITH DISABILITIES**
**§12182. Prohibition of discrimination by public accommodations**

**The plaintiff counted more than $500 in late fees after the car had been returned. This happened after recovering for days in the hotel and returning home to review bank account activity. Rather than create additional stress he spoke with his bank about the incident and attempted to resolve internally. However, the bank curiously closed the account due to overdraft and doesn't permit the plaintiff to view the activity. Nonetheless, these illegal actions were greatly involved in the banking accounts being closed and sent into overdraft. Car notes, insurance, food all drained for greed. Thankfully Congress knew this could happen.**

**42 USC THE PUBLIC HEALTH AND WELFARE
CHAPTER 126-EQUAL OPPORTUNITY FOR INDIVIDUALS WITH DISABILITIES
§12101. Findings and purpose**

## III. RELIEF

**After being instructed to send a partial refund directly to the plaintiff, the defense claims to have written a check to the plaintiff and sent it to the bank. The plaintiff never saw it. The bank claims to have received it and placed it in the closed bank account. However, the plaintiff never endorsed a check from the defendant's and has no proof of such activity from the defendant's or the bank. However, the defendant's claimed to have repaid the bank some of the funds but refused to communicate further after the supposed payment. Therefore the plaintiff filed suit.**

**A. CORRESPONDING WITH SECTION III STATEMENT OF CLAIM.**
Franchise and online shopping are the new way of life for Commerce. We have our American companies serving many countries now and have come to respect the power of online marketing and the scams consumers face when choosing this avenue. Americans also have a good faith expectation that brands are taking care to ensure strict cohesiveness in the presentation of products on the markets avenues and prevent franchises from taking advantage of consumers online. The defendant's used the online brand to rope customers into high price fees and horrible service under the guise of a well established name. The plaintiff intends to contribute to the policing of such matters in restraint of commerce with this complaint that suggest this particular action deserves review.

**15 USC COMMERCE AND TRADE
CHAPTER 1-MONOPOLIES AND COMBINATIONS IN RESTRAINT OF TRADE
§15h. Applicability of parens patriae actions**

**B. CORRESPONDING WITH SECTION III STATEMENT OF CLAIM.**
In anticipation of such complicated actions that threaten the American economy and protected classes of American, Congress has also prescribed laws to ensure the constitutional rights of all parties involved in controversy of amounts that exceed $75,000 have some form of recourse in the district courts. These laws provide for relief in several forms which include compelling the parties to arbitration. Therefore, the plaintiff petition is in support of a motion to compel such arbitration in the matters outlined in this complaint between the parties.

**9 USC ARBITRATION
CHAPTER 1-GENERAL PROVISIONS
§6. Application heard as motion**

**C. JURISDICTION REMEDY**

The Southern District has been given the authority to use discretion in the creation of remedies in cases of actual controversy within its jurisdiction. The subject matter and complaint of bias in the Northern District give cause for the plaintiff to file for proceedings in the South and pray the court finds this remedy for want of jurisdiction to expedite adjudication.

>  **28 USC Ch. 151: DECLARATORY JUDGMENTS**
>  **JUDICIARY AND JUDICIAL PROCEDURE**
>  **PART VI—PARTICULAR PROCEEDINGS**
>  **Ch. 151: DECLARATORY JUDGMENTS**
>  **§2201. Creation of remedy**

**D. FEDERAL QUESTION AND CONSTITUTIONAL DEPRIVATION REMEDY**

In order to secure jurisdiction for the proceedings the federal rules of civil procedure are available with tools that instruct courts on the management of cases involving multiple claims. The defense has violated Titles 15, and 42 in actions that deprived the plaintiff of his constitutional rights identified through several sections of the complaint. A judgement on jurisdiction concerning multiple claims would settle this matter if the court were to determine the Southern District will incorporate these claims.

>  **FEDERAL RULE OF CIVIL PROCEDURE**
>  **TITLE VII. JUDGMENT**
>  **Rule 54. Judgment; Costs**
>  **(b) JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES.**

The court will be asked to use the powers granted by Congress and the United States Constitution to enforce the laws that both protect the American economy and restore the humane respectful treatment of all Americans including the plaintiff. As previously stated, the protections in place have been ignored by the defense and the rules prescribed by this court may continue to support the efforts of free markets with fair business and sales practices.

>  **28 USC JUDICIARY AND JUDICIAL PROCEDURE**
>  **PART V-PROCEDURE**
>  **CHAPTER 131-RULES OF COURTS**
>  **§2071. Rule-making power generally**

Additional rules the court must employ for the prosecution of matters relating to title 15 vary according to chapter and violation. However, violations under these sections may be filed in the U.S. district courts for relief if damages occur that either act to boycott, coercion, or intimidation as in this complaint with the refusal to accept online extension in lieu of making harassing phone calls and charging for them. This complaint utilizes the civil litigation option presented by the United States Constitution.

**15 USC COMMERCE AND TRADE**
**Ch. 39: FAIR PACKAGING AND LABELING PROGRAM**
**§1456. Enforcement**

Violations of section 6102 of chapter 87 of title 15 prescribe remedies for actions by private persons brought in U.S. District courts that may be used as a rulemaking guide for these proceedings to ensure future compliance and examine the extent of damages caused to the plaintiff in the experience.

**15 USC COMMERCE AND TRADE**
**Ch. 87: TELEMARKETING AND CONSUMER FRAUD AND ABUSE PREVENTION**
**§6104. Actions by private persons**

Violations of section 8403 of chapter 110 of title 15 prescribe remedies for actions by private persons brought in U.S. District courts that may be used as a rulemaking guide for these proceedings to ensure future compliance and examine the extent of damages caused to the plaintiff in the transaction in dispute as in telemarketing claims. These also permit further action in violation of title 42

**15 USC COMMERCE AND TRADE**
**Ch. 110: ONLINE SHOPPER PROTECTION**
**§8404. Enforcement by Federal Trade Commission**

Violations of section 12182 of chapter 126 of title 42 prescribe remedies for enforcement that consider civil penalties associated with the defense actions that provide clear and convincing evidence of intent to use the plaintiff disability as a basis for obtaining profit through deceptive means. In addition, once vehicle was returned and defense was informed of plaintiff illness, the continued charges show a malicious will to cause harm to the financial stability of the plaintiff in retaliation by any means available.

**42 USC THE PUBLIC HEALTH AND WELFARE**
**CHAPTER 126—EQUAL OPPORTUNITY FOR INDIVIDUALS WITH DISABILITIES**
**§12188. Enforcement**

**Therefore, the court is asked to compel arbitration in these proceedings in accordance with rulemaking powers granted by Congress and the Constitution and issue subpoenas for attendance and records previously mentioned. The plaintiff does not anticipate a lengthy trial at the expense of the government based on facts that can be easily proven through documentary evidence. The defense has refused any further communication with the plaintiff and therefore ensured an intent to continue to deprive constitutional rights available to all Americans. This**

action will begin the process of restoration and is supported by federal rules of civil procedure.

**FEDERAL RULE OF CIVIL PROCEDURE**
**Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions**
**(a) MOTION FOR AN ORDER COMPELLING DISCLOSURE OR DISCOVERY.**

Finally, the plaintiff prays the court accept the concepts laid out by the United States Congress and the assurances found in the United States Constitution. The threats to a protected class of vulnerable Americans and our great economy that supports human rights activities worldwide expose us as hypocrites rather than promoting fair and equal treatment under the law. The plaintiff prays the court respect this is a last resort to recover his constitutional rights after the violations of law outlined in this complaint became the cause for what the plaintiff has characterized as theft related to the taking of his personal financial information for profit.

**The plaintiff believes he is entitled to the relief mentioned throughout the complaint and amended complaints and in closing reminds the court that honoring this petition is in the best interest of the public and reasonable as restated below.**

1. Issue Summons ordering the defendants to appear before the court and answer this complaint.
2. Order the defendants to submit a certified copy of the transcript and record, including evidence regarding filing and processing of reservations, extensions and payments including a visual copy of the supposed refund check.
3. Grant any further relief as may be just and proper under the circumstances of the case.

*Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.*

**Date of signing:** the 13th day of June, 2019

**Signature of Plaintiff** _____/s/Zorri N. Rush_____

**Printed Name of Plaintiff** _____Zorri N. Rush_____